UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKIE A. HEBERT, ET AL                CIVIL ACTION

VERSUS                                  NO: 04-1076

DANIEL CANNON, ET AL                    SECTION: "J"(3)

### ORDER AND REASONS

Before the Court are the following motions filed by defendants Centennial Insurance Company, Daniel Cannon, and the M/V Weldon: a **Motion in Limine** to exclude the testimony of plaintiffs' expert Bobby Roberts (Rec. Doc. 24); and three **Motions for Partial Summary Judgment** – seeking dismissal of Rickie Hebert's 905(b) claims (Rec. Doc. 26); seeking a finding that Rickie Hebert was an independent contractor (Rec. Doc. 27); and seeking a finding that Rickie Hebert was a borrowed servant (borrowed by Daniel Cannon from Universal Compression)(Rec. Doc. 28).

Defendant Main Iron Works has filed its own **Motion for Summary Judgment** (Rec. Doc. 29), to which plaintiff has filed an

opposition.

Finally, plaintiffs have filed a **cross-Motion for Summary Judgment** (Rec. Doc. 41) opposing the motions of Centennial, et al, and seeking a ruling that Hebert is entitled to pursue a claim for negligence under the General Maritime Law and for unseaworthiness because he was working for defendant Cannon in the capacity of a Sieracki seaman.  Hebert has also explicitly disavowed his claims brought under section 905(b) of the Longshore and Harbor Workers Act, and thus does not oppose defendants' motion directed to that issue.

## *Motion in limine*

With respect to the defendants' Motion in Limine to Exclude the Testimony of Bobby Roberts, the Court finds that it must be denied.  Put briefly, defendants argue that under Daubert,[1] Roberts is not qualified to render an opinion on Rickie Hebert's vocational rehabilitation because he is not currently licensed, nor has he ever been licensed, by the Louisiana Licensed Professional Vocation Rehabilitation Counselors Board of Examiners.

As a threshold matter, the Court notes that the question of who can testify as an expert witness in federal court is not

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

governed by state licensure laws, but rather by federal law, namely, the Federal Rules of Evidence.  Fed. R. Evid. 101.  Moreover, nothing in the Federal Rules or the Advisory Committee notes thereto suggests a state licensure requirement for any expert.  In fact, the post-<u>Daubert</u> Advisory Committee notes state that "[n]othing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training or education – may not provide a sufficient foundation for expert testimony.  To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience."  Fed. R. Evid. 702, 2000 Amends. Adv. Comm. Notes.

In addition, Louisiana law does not suggest that it regulates who may testify in this forum.  Rather, "[t]he Louisiana licensing statute regulates the actual provision of rehabilitation counseling services, *not expert testimony*." <u>Messer v. Transocean Offshore USA, Inc.</u>, 2005 WL 283294 *2 (E.D. La., Feb. 3, 2005)(Vance, J.)(emphasis added), 66 Fed. R. Evid. Serv. 475.  Thus, there is simply no legal foundation for the proposition that an expert must possess a Louisiana license to testify in this forum.

Finally, the Court notes that the concerns of <u>Daubert</u> are largely moot in this case since it is set as a bench trial, and

3

Daubert was preoccupied with the courts' gatekeeping function vis-a-vis the *jury*.  Daubert, 509 U.S. at 590-93; see also, Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000)("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury.").  Accordingly, defendants' motion to strike Bobby Roberts' testimony must be denied.

### *Cross-motions of Centennial, et al and plaintiffs*

As previously noted, plaintiff has withdrawn his 905(b) claims.  Thus, Centennial's remaining partial summary judgment motions are addressed to the question of whether Rickie Hebert was an independent contractor or borrowed servant.  Plaintiff argues that these state law issues are inapposite to his claims for negligence under the General Maritime Law and for unseaworthiness as a Sieracki seaman.  Having considered the record, the memoranda or counsel, and applicable law, the Court finds that fact issues exist which preclude summary judgment on the cross-motions.  The motions must therefore be denied.

### *Main Iron Works' motion*

Main Iron Works has filed a motion for summary judgment seeking dismissal based on its argument that it owed no duty to Rickie Hebert, and that the ventilation equipment it owned which was used by Hebert did not malfunction or otherwise cause his

4

injuries.  While these arguments are well-taken and it is a very close call, the Court finds that plaintiffs have succeeded in raising a question as to whether Main owed Rickie Hebert a duty under the terms of its Confined Space Program and related applicable OSHA regulations.  Accordingly, this motion must also be denied.  Therefore,

**IT IS ORDERED** that defendants' **Motion in Limine** to exclude the testimony of plaintiffs' expert Bobby Roberts (Rec. Doc. 24) should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment** seeking dismissal of Rickie Hebert's 905(b) claim (Rec. Doc. 26) is **GRANTED** as unopposed;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment** seeking a finding that Rickie Hebert was an independent contractor (Rec. Doc. 27) should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment** seeking a finding that Rickie Hebert was a borrowed servant (Rec. Doc. 28) should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant Main Iron Works' **Motion for Summary Judgment** (Rec. Doc. 29) should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiffs' **Motion for Summary**

**Judgment** (Rec. Doc. 41) should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that **Oral Argument**, currently set for November 16, 2005, is hereby **CANCELLED**.

New Orleans, Louisiana, this __31st__ day of October, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE